# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| WILLIE L. MCQUEEN | : | DOCKET NO. 2:05-cv-1477 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| J. P. YOUNG, WARDEN | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a Motion for Preliminary Injunction [doc. 2] filed by *pro se* petitioner, Willie L. McQueen. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

By this motion, the petitioner seeks to have the court enjoin the Bureau of Prisons from enforcing a new Inmate Financial Responsibility Program contract which was signed by him on August 22, 2005. This new contract increased his quarterly payment amount from $25.00 to $82.50. He claims that he signed the contract only because his case manager threatened to place him in "refusal" status if he did not. He further contends that the he does not have enough money to pay this increased amount and that his failure to do so will jeopardize his scheduled release to a halfway house. Petitioner has not presented this claim to the BOP through the available administrative remedies. He apparently seeks to be excused from exhausting the administrative remedies because of his belief that he will suffer irreparable harm in that he may not be eligible for placement in a halfway house if a preliminary injunction is not granted.

It is the responsibility of the BOP to assist inmates in developing a financial plan for meeting their financial obligations. The BOP has a specific formula to employ when developing the financial plan. 28 CFR §§545.10, 545.11. If the inmate is not satisfied with the plan, there are administrative procedures which must be utilized by him to seek formal review of his complaint. 28 CFR § 542.10, *et seq*; *Rourke v. Thompson*, 11 F.3d 47 (5th Cir. 1993). A federal prisoner seeking injunctive relief for alleged constitutional

and statutory violations is not exempt from the exhaustion requirement. *Johnpoll v. Thornburgh*, 898 F.2d 849 (2nd Cir. 1990); *see also Miller v. Stanmore*, 636 F.2d 986, 991 n.5 (5th Cir. Unit A Feb. 1981). These administrative procedures are subject to strict time limits to prevent undue delay. *Johnpoll, supra.;* 28 CFR § § 542.13-542.15. The exhaustion requirement allows correction officers time and opportunity to address complaints internally. In some instances, corrective action which satisfies the prisoner may be taken and obviate the need for litigation, and for cases ultimately brought to court, the administrative record will assist the court in clarifying the contours of the controversy. *See Porter v. Nussle*, 122 S.Ct. 983 (2002).

Accordingly, this court finds that petitioner's failure to present his challenge to his financial plan through the available administrative procedures precludes this court from reviewing his challenge and granting him the relief he seeks. For this reason,

IT IS RECOMMENDED that the Motion for Preliminary Injunction be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of September, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE